**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111741

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Aldean Isaac,<br><br>            Plaintiff,<br><br>            vs.<br><br>Capital Accounts, LLC and Constar Financial Services, LLC,<br><br>            Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Aldean Isaac (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Capital Accounts, LLC and Constar Financial Services, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendants conducted business within the State of New York.

1

## PARTIES

5. Aldean Isaac is an individual who is a citizen of the State of New York in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Capital Accounts, LLC, is a Tennessee Limited Liability Company with a principal place of business in Williamson County, Tennessee.

8. On information and belief, Defendant Constar Financial Services, LLC, is an Arizona Limited Liability Company with a principal place of business in Maricopa County, Arizona.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes certain debts ("the debts").

12. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the debts Plaintiff fell behind on payments owed.

14. The debts accrued interest.

15. The debts accrued late fees.

16. Thereafter, at an exact time known only to Defendants, the debts were assigned or otherwise transferred to Defendants for collection.

17. In its efforts to collect the debt, Defendant Capital Accounts, LLC contacted Plaintiff by letter dated January 13, 2016. (**Exhibit 1.**)

18. In its efforts to collect the debt, Defendant Constar Financial Services, LLC contacted Plaintiff by letter dated July 9, 2016. (**Exhibit 1.**)

19. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations
## AS TO DEFENDANT CAPITAL ACCOUNTS, LLC

20. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

21. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

22. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the legal status of any debt.

23. The letter states, "Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired. Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again."

24. The debt was incurred in 2014.

25. The debt was incurred in the State of New York.

26. The statute of limitations for suing Plaintiff to collect the debt did not expire.

27. Defendant's statement that the statute of limitations may have expired is false.

28. Defendant's implication that the statute of limitations expired is false.

29. Defendant's statement that the statute of limitations may have expired is a false representation of the legal status of the debt.

30. Defendant's implication that the statute of limitations expired is a false representation of the legal status of the debt.

31. The least sophisticated consumer would likely be confused as to his or her rights.

32. The least sophisticated consumer would likely be uncertain as to his or her rights.

33. The least sophisticated consumer would likely be deceived by Defendant's conduct.

34. The least sophisticated consumer would likely be deceived in a material way by

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Defendant's conduct.

35. The least sophisticated consumer would likely be deceived into believing that he or she could not be sued for the debt.

36. The least sophisticated consumer would likely be deceived into believing that he or she would not be sued for the debt.

37. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect the debt.

38. Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the legal status of the debt.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### AS TO DEFENDANT CAPITAL ACCOUNTS, LLC

39. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

40. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

42. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

43. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

44. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

45. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

46. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

47. The letter sets forth a balance.

4

48. The balance had increased.

49. The letter fails to disclose whether the balance may continue to increase due to additional interest.

50. The letter fails to disclose whether the balance may continue to increase due to additional late fees.

51. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

52. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

53. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

54. The letter, because of the aforementioned failures, could be read by the least sophisticated consumer to mean that the balance was static.

55. The letter, because of the aforementioned failures, could also reasonably read the letter to mean that the balance was dynamic due to the continued accumulation of interest and/or late fees.

56. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive under 15 U.S.C. § 1692e.

57. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, it is deceptive under 15 U.S.C. § 1692e.

58. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### AS TO DEFENDANT CONSTAR FINANCIAL SERVICES, LLC

59. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

60. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

5

61. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

62. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

63. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

64. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

65. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

66. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

67. The letter sets forth a balance.

68. The letter fails to disclose whether the balance may continue to increase due to additional interest.

69. The letter fails to disclose whether the balance may continue to increase due to additional late fees.

70. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

71. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

72. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

73. The letter, because of the aforementioned failures, could be read by the least sophisticated consumer to mean that the balance was static.

74. The letter, because of the aforementioned failures, could also reasonably read the letter to mean that the balance was dynamic due to the continued accumulation of interest and/or

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

late fees.

75. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive under 15 U.S.C. § 1692e.

76. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, it is deceptive under 15 U.S.C. § 1692e.

77. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

78. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant Capital Accounts, LLC in favor of Plaintiff pursuant to 15 U.S.C. § 1692k; and

b. Statutory damages of $1,000.00 against Defendant Constar Financial Services, LLC in favor of Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's actual damages; and

d. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

e. Plaintiff's costs; all together with

f. Such other relief that the Court determines is just and proper.

DATED: Ocotber 6, 2016

**BARSHAY SANDERS, PLLC**

By: ___*s/ Craig B. Sanders*___
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 111741