UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

ALDEAN ISAAC,

                   Plaintiff,

      –  against -

CAPITAL ACCOUNTS, LLC, and
CONSTAR FINANCIAL SERVICES, LLC,

               Defendants.

---------------------------------------X

**ANSWER TO PLAINTIFF'S COMPLAINT**

**2:16-cv-05565-SJF-AYS**

       Defendant, CONSTAR FINANCIAL SERVICES, LLC (hereinafter, "Constar" and "Defendant"), as and for its Answer to the Complaint of Aldean Isaac ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows::

<u>**INTRODUCTION**</u>

1. Defendant admits that Plaintiff is attempting to assert claims against it under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Defendant denies having violated the FDCPA and denies that Plaintiff is entitled to any of the relief, damages, fees, and costs sought in the Complaint.

<u>**JURISDICTION AND VENUE**</u>

2. Defendant admits only that Plaintiff's claims asserted under the FDCPA raise federal questions.

1

3. Defendant denies that the events or omissions described in Plaintiff's Complaint occurred as alleged in the first instance. The allegations contained in Paragraph 3 are denied.

4. The statement contained in Paragraph 4 of the Complaint relates to a legal conclusion to which Constar is under no known obligation to respond. To the extent any response is required on the part of this Defendant and to the extent Paragraph 4 is construed to contain any factual allegation directed toward it, such allegation is denied.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff meets the definition of "consumer" as that term is defined by § 1692a(3) of the FDCPA.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint as these allegations are directed toward a party other than Constar.

8. Defendant admits the allegations set forth in Paragraph 8.

9. Defendant admits only that a purpose of its business is the collection of unpaid accounts and debts on behalf of its clients. Defendant lacks knowledge or information sufficient to form a belief as to whether the account at issue meets the definition of a "debt" as that term is defined by § 1692a(5) of the FDCPA.

10. Defendant admits only that in certain circumstances does Constar meet the definition of "debt collector" as that term is defined by §1692a(6)of the FDCPA. Defendant lacks knowledge or information sufficient to form a belief as to whether it meets such definition with respect to the account at issue.

## ALLEGATIONS

11. Constar admits only that Plaintiff owes an unpaid account.  Defendant lacks knowledge or information sufficient to form a belief as to whether this account meets the definition of a "debt" as that term is defined by § 1692a(5) of the FDCPA.

12. Defendant lacks knowledge or information sufficient to form a belief as to how Plaintiff used the account at issue or whether the account meets the definition of a "debt" as that term is defined by § 1692a(5) of the FDCPA.

13. Defendant admits only that Plaintiff owes an unpaid account. Defendant lacks knowledge or information sufficient to form a belief as to whether the account at issue meets the definition of a "debt" as that term is defined by § 1692a(5) of the FDCPA.

14. Defendant denies the allegation contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegation contained in Paragraph 15 of the Complaint.

16. Defendant admits only that an unpaid account owed by Plaintiff was placed with Constar for collection. Defendant lacks knowledge or information sufficient to form a belief as to whether the account at issue meets the definition of a "debt" as that term is defined by § 1692a(5) of the FDCPA.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegation contained in Paragraph 17 of the Complaint as this allegation is directed toward a party other than Constar. To the extent any response is required on the part of Constar and to the extent Paragraph 17 is construed to contain any factual allegation directed toward it, such allegation is denied.

18. Defendant admits to having sent the correspondence attached to Plaintiff's Complaint dated July 9, 2016 in furtherance of its attempts to collect an unpaid account from Plaintiff.

19. The statement contained in Paragraph 19 of the Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond. To the extent any response is required on the part of Constar and to the extent Paragraph 19 is construed to contain any factual allegation directed toward it, such allegation is denied.

## FIRST COUNT

20. Constar restates and realleges each of its preceding responses and its affirmative defenses below as if stated in full herein.

21. The statements contained in Paragraph 21 of the Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent any response is required on the part of Constar and to the extent Paragraph 21 is construed to contain any factual allegation directed toward it, such allegation is denied.

22. The statements contained in Paragraph 22 of the Complaint relate to legal conclusions to which Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 22 is construed to contain any factual allegation directed toward it, such allegation is denied.

23. The allegations contained in Paragraph 23 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 23 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

24. The allegations contained in Paragraph 24 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 24 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

25. The allegations contained in Paragraph 25 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 25 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

26. The allegations contained in Paragraph 26 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 26 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

27. The allegations contained in Paragraph 27 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 27 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

28. The allegations contained in Paragraph 28 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 28 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

29. The allegations contained in Paragraph 29 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 29 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

30. The allegations contained in Paragraph 30 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 30 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

31. The allegations contained in Paragraph 31 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 31 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

32. The allegations contained in Paragraph 32 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than

this Defendant. To the extent Paragraph 32 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

33. The allegations contained in Paragraph 33 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 33 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

34. The allegations contained in Paragraph 34 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 34 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

35. The allegations contained in Paragraph 35 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 35 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

36. The allegations contained in Paragraph 36 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 36 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

37. The allegations contained in Paragraph 37 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 37 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

38. The allegations contained in Paragraph 38 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 38 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

## SECOND COUNT

39. Constar restates and realleges each of its preceding responses and its affirmative defenses below as if stated in full herein.

40. The statement contained in Paragraph 40 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond. To the extent any response is required on the part of Constar and to the extent Paragraph 40 is construed to contain any factual allegation directed toward it, such allegation is denied.

41. The statement contained in Paragraph 41 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond. To the extent any response is required on the part of Constar and to the extent Paragraph 41 is construed to contain any factual allegation directed toward it, such allegation is denied.

42. The statement contained in Paragraph 42 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond. To the extent any response is required on the part of Constar and to the extent Paragraph 42 is construed to contain any factual allegation directed toward it, such allegation is denied.

43. The statement contained in Paragraph 43 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 43 is construed to contain any factual allegation directed toward it, such allegation is denied.

44. The statement contained in Paragraph 44 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 44 is construed to contain any factual allegation directed toward it, such allegation is denied.

45. The statement contained in Paragraph 45 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 45 is construed to contain any factual allegation directed toward it, such allegation is denied.

46. The statement contained in Paragraph 46 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 46 is construed to contain any factual allegation directed toward it, such allegation is denied.

47. The allegations contained in Paragraph 47 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than

this Defendant. To the extent Paragraph 47 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

48. The allegations contained in Paragraph 48 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 48 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

49. The allegations contained in Paragraph 49 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 49 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

50. The allegations contained in Paragraph 50 of the Complaint require no response on the part of the Constar as these allegations are directed toward a party other than this Defendant. To the extent Paragraph 50 is construed to contain any factual allegation directed toward Constar, such allegation is denied.

51. The statement contained in Paragraph 51 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond. To the extent any response is required on the part of Constar and to the extent Paragraph 51 is construed to contain any factual allegation directed toward it, such allegation is denied.

52. The statement contained in Paragraph 52 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond. To the extent any response is required on the part of Constar and to the extent

Paragraph 52 is construed to contain any factual allegation directed toward it, such allegation is denied.

53. The statement contained in Paragraph 53 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond. To the extent any response is required on the part of Constar and to the extent Paragraph 53 is construed to contain any factual allegation directed toward it, such allegation is denied.

54. The statement contained in Paragraph 54 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond. To the extent any response is required on the part of Constar and to the extent Paragraph 54 is construed to contain any factual allegation directed toward it, such allegation is denied.

55. The statement contained in Paragraph 55 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond. To the extent any response is required on the part of Constar and to the extent Paragraph 55 is construed to contain any factual allegation directed toward it, such allegation is denied.

56. The statement contained in Paragraph 56 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond. To the extent any response is required on the part of Constar and to the extent Paragraph 56 is construed to contain any factual allegation directed toward it, such allegation is denied.

57. The statement contained in Paragraph 57 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 57 is construed to contain any factual allegation directed toward it, such allegation is denied.

58. The statement contained in Paragraph 58 of the Complaint relates to a legal conclusion to which this Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 58 is construed to contain any factual allegation directed toward it, such allegation is denied.

## THIRD COUNT

59. Constar restates and realleges each of its preceding responses and its affirmative defenses below as if stated in full herein.

60. The statement contained in Paragraph 60 of the Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 60 is construed to contain any factual allegation directed toward it, such allegation is denied.

61. The statement contained in Paragraph 61 of the Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph

61 is construed to contain any factual allegation directed toward it, such allegation is denied.

62. The statement contained in Paragraph 62 of the Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 62 is construed to contain any factual allegation directed toward it, such allegation is denied.

63. The statement contained in Paragraph 63 of the Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 63 is construed to contain any factual allegation directed toward it, such allegation is denied.

64. The statement contained in Paragraph 64 of the Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 64 is construed to contain any factual allegation directed toward it, such allegation is denied.

65. The statement contained in Paragraph 65 of the Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 65 is construed to contain any factual allegation directed toward it, such allegation is denied.

66. The statement contained in Paragraph 66 of the Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 66 is construed to contain any factual allegation directed toward it, such allegation is denied.

67. Defendant admits only that the content of its correspondence dated July 9, 2016 speaks for itself.

68. Defendant admits only that the content of its correspondence dated July 9, 2016 speaks for itself.

69. Defendant admits only that the content of its correspondence dated July 9, 2016 speaks for itself.

70. The statement contained in Paragraph 70 of the Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond.  To the extent any response is required on the part of Constar and to the extent Paragraph 70 is construed to contain any factual allegation directed toward it, such allegation is denied.

71. Constar denies the allegations contained in Paragraph 71 of the Complaint.

72. Constar denies the allegations contained in Paragraph 72 of the Complaint.

73. Constar denies the allegations contained in Paragraph 73 of the Complaint.

74. Constar denies the allegations contained in Paragraph 74 of the Complaint.

75. Constar denies the allegations contained in Paragraph 75 of the Complaint.

76. Constar denies the allegations contained in Paragraph 76 of the Complaint.

77. Constar denies the allegations contained in Paragraph 77 of the Complaint.

## **JURY DEMAND**

78. Defendant Constar demand a trial by jury.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against Constar upon which relief may be granted.

### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Any act or omission by Constar, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA") was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  Accordingly, Constar would have no liability pursuant to 15 U.S.C. § 1692k(c).

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be subject to an arbitration agreement requiring him to submit his claims to mandatory and binding arbitration.  If so, Constar will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

### **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant expressly denies, was the result of the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability on the part of Constar.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which Constar has no responsibility or control and for which Constar may not be held liable.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail to the extent that Plaintiff failed to mitigate his damages, if any, and/or failed to act with reasonable diligence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing under Article III of the U.S. Constitution.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damage as a result of any alleged action or inaction on the part of Defendant and therefore, is not entitled to any award of damages, attorneys' fees, or costs.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that it is entitled to attorneys' fees in the event that the Court determines that Plaintiff has filed an unsuccessful pleading, motion, or

other paper in connection with this action in bad faith or for purposes of harassment.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional defenses that may be established during discovery and by the evidence of this action and/or at such time as Plaintiff provides further particularization of Plaintiff's alleged claims and development of other pertinent information.

WHEREFORE, Defendant prays that Plaintiff take nothing in this case and that it be awarded its fees and costs, together with all such other relief as to which it may be justly entitled.

Dated:   November 17, 2016

/s/ David G. Peltan
David G. Peltan, Esq.
Attorney for Defendant, Constar
Financial Services, PLLC
Peltan Law, LLC
128 Church Street
East Aurora, NY 14052
(716) 374-5431
davidpeltan@peltanlaw.com

/s/ Brandon M. Wrazen
Brandon M. Wrazen, Esq.
Attorney for Defendant, Constar
Financial Services, LLC
Peltan Law, PLLC
128 Church Street
East Aurora, NY 14052
(716) 523-7764
brandonwrazen@peltanlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2016, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case: Plaintiff, Aldean Isaac via Plaintiff's counsel of record – Craig B. Sanders and David M. Barshay.  And, I hereby certify that, to the best of my knowledge and information, there are no other participants on this case requiring service by any means.

<u>/s/ Brandon M. Wrazen</u>
Brandon M. Wrazen, Esq.
Attorney for Defendant